IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


JAMES WILSON,

    Plaintiff,

    v.                                    No. 16-CV-00894-MCA-LF

BOARD OF COUNTY COMMISSIONERS
FOR LEA COUNTY, STATE OF NEW
MEXICO,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant State of New Mexico's Motion To Dismiss, which was filed on August 19, 2016. [Doc. 5] Defendant moves to dismiss the complaint filed by Plaintiff, James Wilson, pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1) because "Defendants are protected by the doctrine of judicial immunity." [Doc. 5; *see also* Doc. 6] Having reviewed the pleadings of record, the relevant case law, and otherwise being fully advised in the premises, the Court will grant in part Defendant's motion to dismiss, decline to exercise supplemental jurisdiction over Plaintiff's state law claims, and remand this case to the Fifth Judicial District Court, State of New Mexico, County of Lea.

On June 27, 2016, Plaintiff filed a complaint against Defendants State of New Mexico and the Board of County Commissioners of Lea County in the Fifth Judicial District Court, State of New Mexico, County of Lea. [Doc. 1-1] In his complaint, Plaintiff alleged that Defendants' alleged unlawful revocation of Plaintiff's probation in criminal case numbers D-506-CR-2010-

00213, D-506-CR-2011-00271, D-506-CR-2011-00272, and D-506-CR-2011-0324 violated the New Mexico Tort Claims Act and Plaintiff's right to be free from double jeopardy under the Fifth Amendment of the United States Constitution and Article II, §§ 15 and 18 of the New Mexico Constitution. [Doc. 1-1] Plaintiff's complaint seeks compensatory and punitive damages. [Doc. 1-1]

On August 5, 2016, Defendant State of New Mexico removed the case to this Court on the basis of federal question jurisdiction. [Doc. 1] Thereafter, Defendant State of New Mexico moved to dismiss Plaintiff's complaint with prejudice, alleging that Defendants "are protected by the doctrine of judicial immunity." [Doc. 5] Plaintiff did not file a response to the motion to dismiss, but on October 3, 2016, after the completion of briefing on the motion, Plaintiff filed a request for extension of time in which to file a response. [Doc. 9] Because the Court determines, for the reasons explained below, that Defendant's motion to dismiss should be granted in part and the case remanded to state court, Plaintiff's motion for extension of time will be denied as moot.

Under Fed. R. Civ. P. 12(b)(6), a Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Thus, the mere metaphysical possibility that *some* plaintiff

could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007 (emphasis in original).

Plaintiff is proceeding pro se and "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.* At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

Defendant State of New Mexico has moved to dismiss the complaint on the basis of absolute judicial immunity, because "Plaintiff's claim appears to be against a judge who allegedly sentenced Plaintiff to serve time for crimes for which time had been served." [Doc. 5] However, Plaintiff's complaint does not name a judge or a judicial officer as a defendant. [Doc. 1-1] Rather, Plaintiff's complaint names the Board of County Commissioners of Lea County and the State of New Mexico as defendants. [Doc. 1-1] It is not clear whether the State of New Mexico's alleged liability is predicated on violations committed by a judge, probation officers, attorneys, caseworkers, or other individuals involved in the criminal justice system.[1]  *See*

---

[1] The Court notes that Plaintiff has filed numerous civil rights actions in this Court against various officials involved in the alleged unlawful revocation of Plaintiff's probation. *See Wilson v. Scramlin*, 15-CV-00867-WJ-GBW, Doc. 1 (D.N.M. September 28, 2015) (civil rights complaint filed against the state prosecutor); *Wilson v. Barnes*, 15-CV-00884-JB-GJF, Docs. 1, 5, 7 (D.N.M. October 2, 2015) (civil rights complaint filed against caseworkers, records clerks, and unit manager); *Wilson v. Cerha*, 15-CV-01016-KG-CG, Doc. 1 (November 6, 2015) (civil rights complaint filed against probation officer); *Wilson v. Ireland*, 15-CV-00998-MV-LF, Doc. 1 (D.N.M. November 4, 2015) (civil rights complaint filed against the office administrator of the New Mexico Public Defender's office);

*Henriksen v. Bentley*, 644 F.2d 852, 855 (10th Cir. 1981) (holding that the doctrine of absolute judicial immunity "may extend to persons other than a judge where performance of judicial acts or activity as an official aide of the judge is involved"); *Hunnicutt v. Sewell*, 219 P.3d 529, 533 (N.M. Ct. App. 2009) (holding that the doctrine of absolute judicial immunity only applies to individuals who perform "judicial functions").  Therefore, Defendant's reliance on the doctrine of absolute judicial immunity is misplaced.

Nonetheless, the Court agrees that, to the extent Plaintiff's claims are predicated on violations of the United States Constitution under 42 U.S.C. § 1983, Plaintiff's complaint must be dismissed.  *See Hall*, 935 F.2d at 1110 (noting that "a court may dismiss sua sponte when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend would be futile." (internal quotation marks and citation omitted)).  In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would; the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated.

---

*Wilson v. County of Lea*, 16-CV-00328-MCA-GBW, Doc. 1 (D.N.M. April 22, 2016) (civil rights complaint filed against the County of Lea).  Indeed, filing restrictions have been imposed upon Plaintiff, preventing him from "initiat[ing] any further lawsuits in federal court arising out of his conviction, sentencing, or probation revocation in State of New Mexico criminal case nos. D-506-CR-2010-00213, D-506-CR-2011-00271, D-506-CR-2011-0234 without prior permission from the Court or representation by admitted counsel."  *Wilson v. County of Lea*, 16-CV-00328-MCA-GBW, Doc. 17 at 7.

*Id.* at 486-87 (footnote omitted).  The United States Court of Appeals for the Tenth Circuit has determined that the *Heck* doctrine "applies to proceedings that call into question the fact or duration of parole or probation."  *Crow v. Perry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (per curiam); *see also Washington v. Killian*, 97 F. App'x 878, 878 (10th Cir. 2004) (holding that, pursuant to the *Heck* doctrine, "[a] suit for money damages is not the proper vehicle for challenging the validity of . . . parole revocation") (unpublished).

Plaintiff's complaint does not allege that the revocation of his probation in criminal case numbers D-506-CR-2010-00213, D-506-CR-2011-00271, D-506-CR-2011-00272, and D-506-CR-2011-0324 has been invalidated.   The Court recognizes that Plaintiff has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the revocation of his probation in these cases, but no relief has been issued on Plaintiff's § 2254 petition.  *See Wilson v. Hatch, et al.*, 15-CV-00989-WJ-LF, Doc. 1 (D.N.M. November 2, 2015); *see also St Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (noting that the court may take judicial notice of its own records).  Therefore, the Court concludes that Plaintiff's § 1983 claims are barred by the *Heck* doctrine and these claims will be dismissed without prejudice.  *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996) ("When a § 1983 claim is dismissed under *Heck*, the dismissal should be without prejudice.").

In light of the dismissal of Plaintiff's § 1983 claims, the Court next considers whether to exercise supplemental jurisdiction over Plaintiff's state law claims.  Pursuant to 28 U.S.C. § 1367(c)(3), the Court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."  "When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state law claims."  *Smith v. City of Enid ex rel. Enid City*

*Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998).  The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and remands this case to the Fifth Judicial District, State of New Mexico, County of Lea.

    IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss [Doc. 5] is GRANTED IN PART; and Plaintiff's claims under 42 U.S.C. § 1983 are DISMISSED WITHOUT PREJUDICE;

    IT IS FURTHER ORDERED that Plaintiff's Motion for Extension of Time [Doc. 9] is DENIED AS MOOT;

    IT IS FURTHER ORDERED that this case is REMANDED to the Fifth Judicial District, State of New Mexico, County of Lea.

    .

_____
UNITED STATES CHIEF DISTRICT COURT JUDGE